# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**MILFORD LEE ROOP**                                                                                **PLAINTIFF**

**v.**                                                    **No. 1:17CV24-NBB-JMV**

**ITAWAMBA COUNTY**
**CHRIS DICKINSON**
**ITAWAMBA COUNTY JAIL JAILERS**                                      **DEFENDANTS**

## ORDER BIFURCATING CASE

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

### Allegations

Mr. Roop's allegations can be broken into two main parts: claims against Itawamba County Jail personnel and those against MDOC personnel.

---

[1] 28 U.S.C. § 1915(g).

**Itawamaba County Jail Claims:**

Plaintiff alleges as follows :When Milford Roop arrived at the Itawamba County Jail, his nephew brought his medications so that jail medical staff could administer them to him. Roop has a history of heart disease and has been taking various medications to treat it for years prior to his incarceration in Itawamba County. He suffered two heart attacks – one on November 2010 and another in November 2012 – and he has three stents to prevent blockage in his arteries. He also suffers from high blood pressure, seizures, diabetes, and Stage 1 lung cancer. Roop stated that in 2011 he was diagnosed with Stage 1 lung cancer at Providence Hospital in Waco, Texas. He was treated for five days and released because he did not have insurance.

Upon Mr. Roops arrival at the Itawamba County Jail, guard Gregory Whyman was informed that Roop's medications were available, but he would not permit Roop to take those medications for fourteen days. Roop saw a doctor after 14 days, and the doctor ensured that he began receiving his medications, except for Plavix (a drug prescribed to prevent blood clots). Whyman also did not allow Mr. Roop to receive prescribed diabetic snacks throughout the day, which he eats to help regulate his blood sugar level; nor would he permit Roop to use his blood sugar monitor to manage his diabetes. Mr. Roop only received snacks and access to his blood sugar monitor when Whyman was not present to prevent it, and he received less than the prescribed number of snacks per day (four) for over two months. Roop's blood sugar level dropped very low one night, and he was transported to the hospital; however, by the time he reached the hospital, his glucose levels had returned to normal.

On December 15, 2015, guard Gregory Whyman choked Roop, who was in a holding cell, then pushed him down to the floor. According to Mr. Roop, this episode exacerbated chest pains (which he attributed to heart trouble) that had begun on December 11, 2015. He repeatedly asked to be taken to

the hospital by emergency services, but Whyman refused to call an ambulance.

On December 19, 2015, another jail guard called emergency services. Medical personnel arrived, examined Mr. Roop, and recommended that he be transported to the hospital. He was transported to the hospital that day, but in a jail van, rather than an emergency vehicle. The doctor at the hospital conducted an EKG and a chest x-ray, but Mr. Roop does not know the results of the tests or what diagnosis he received, if any. He was not prescribed any additional medication while at the hospital. Whyman would not authorize Roop for an overnight hospital stay, citing lack of security personnel to guard him. When Roop requested a copy of his medical records, jail staff told him he would have to pay $5.00 per page to receive them.

Ten days later, on December 29, 2015, Whyman would not give Roop his diabetes medicine or permit him to check his blood sugar levels twice daily, as ordered by his doctor. He also would not permit food service staff to provide Roop with a snack bag four times daily, as prescribed by the doctor. Mr. Roop only received his diabetic snacks when Whyman was not present, and even then he frequently received snacks twice a day or less.

**MDOC Claims:**

Roop's claims against the Mississippi Department of Corrections arise first out of his stay at the Central Mississippi Correctional Facility (CMCF), then out of his time at the South Mississippi Correctional Institution (SMCI).

**CMCF:**

On February 25, 2017, the plaintiff's unit was placed on lockdown "for no reason." The stated reason was because inmates in another area fought, and one got cut on the wrist. Staff conducted a shakedown of the unit, but discovered no contraband. After the lockdown began, the portion of food

served at meals was smaller, and the inmates no longer received coffee, juice, or tea. According to Roop, guards, staff members, and even wardens smuggle in all manner of contraband on a regular basis, including cigarettes, drugs, and cell phones. Smoke was everywhere throughout his unit at CMCF, and Roop worried that it would adversely affect his lungs, especially in light of his previous diagnosis of lung cancer.

On March 4, 2017, only three quarters of the inmates in Roop's unit received breakfast, and only half of those served received milk. Also, a guard that day gave half of the inmates peanut butter and jelly sandwiches, but half did not get one. For some reason, the prison did not hand out diabetic snacks for three weeks, beginning that day. Roop alleges that kitchen workers steal the snack bags and sell them for food from the canteen, drugs, and cigarettes. Security staff ignore this practice.

According to Mr. Roop, medical personnel never respond to sick call requests at CMCF. He often received no noon medications. He has had dramatic drops in his blood sugar level, but medical staff will not help him. On February 25, 2017, his blood sugar level fell to 31 mg/dl.

**SMCI:**

Mr. Roop has has "trouble with getting anything done by Dr. R. Woodall or N.P. G. Woodland in the medical department" at SMCI. He has been to medical, but he still has an outstanding sick call request with no response. He also believes that none of the prison medical personnel possesses a license to practice medicine or nursing.

Also, MDOC personnel have been stealing money his family sent to him via Western Union. On four occasions various family members have tried to send him $100, but he has never received the money.

Mr. Roop alleges that at SMCI, as at CMCF, he is constantly exposed to smoke from cigarettes,

illicit drugs like "spice" and marijuana, and burning paper wicks (used to light the various cigarette types). There is no one to whom he can complain about this because every member of the staff, including the warden, are the ones smuggling the contraband to the inmates. Prison staff also smuggle cell phones into the facility and pay for the air time with the "state's money."

### The Need for Separate Actions

In his complaint, Mr. Roop sets forth allegations against defendants from the Itawamba County Jail, as well as those who work for the Mississippi Department of Corrections at the Central Mississippi Correctional Facility and the South Mississippi Correctional Institution. The allegations from Itawamba County are unrelated to those at the Mississippi Department of Corrections facilities. As such, court will direct the Clerk of the Court to open a separate case based upon this complaint as to the MDOC defendants. For this reason, the court will not discuss the plaintiff's allegations against Mississippi Department of Corrections defendants in the instant Report and Recommendation. Once the Clerk's Office opens a new case regarding Mr. Roop's allegations against MDOC defendants, he will be prompted to file a separate motion to proceed as a pauper. *Pro se* prisoner litigants proceeding *in forma pauperis* must eventually pay the filing fee; as such, the court will give Mr. Roop the opportunity to decide whether he wishes to take on the additional burden of another filing fee payment deducted monthly from his inmate trust account in order to proceed with this case.

### Claims against Itawamba County Defendants

Mr. Roop's allegations arising out of his time in Itawamba County can be divided into two distinct legal claims. First, he has claimed that defendant Gregory Whyman used excessive force against him. Second, he claims that defendant Whyman and others have denied him adequate medical care for heart trouble and diabetes. These claims will move forward in the present case.

**Conclusion**

For the reasons set forth above:

(1) The instant case will be **BIFURCATED**, and **the Clerk of the Court is DIRECTED** open a second case under 42 U.S.C. § 1983 against MDOC defendants only – with the complaint in the present case;

(2) As Mr. Roop has not named any MDOC defendants in his complaint, he must do so in his second case no later than 30 days after entry of this order. Failure to do so will lead to dismissal of the second case for failure to prosecute under Fed. R. Civ. P. 41(b).

(3) The Clerk of the Court is **DIRECTED** to add Gregory Whyman as a defendant in the present case.

(4) As Mr. Roop's allegations state a claim for relief in the present case against the Itawamba County defendants for denial of medical care, a separate process order will issue as to those defendants.

/s/ Jane M. Virden  
UNITED STATES MAGISTRATE JUDGE