## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**MILFORD LEE ROOP**                                                          **PLAINTIFF**

**v.**                                                          **No. 1:17CV24-NBB-JMV**

**ITAWAMBA COUNTY**
**CHRIS DICKINSON**
**ITAWAMBA COUNTY JAIL JAILERS**                                **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Milford Lee Roop,

who challenges the conditions of his confinement under 42 U.S.C. § 1983.  For the purposes of the

Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit.

The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of

action against "[e]very person" who under color of state authority causes the "deprivation of any

rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  He alleges

that the defendants used excessive force against him during his stay at the Itawamba County Jail and,

on several occasions, failed to provide him with adequate medical treatment.  The defendants have

moved for summary judgment on all issues; the plaintiff has not responded, and the deadline to do so

has expired.  For the reasons set forth below, the defendants' motion for summary judgment will be

granted, and the instant case with be dismissed for failure to exhaust administrative remedies.

### Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other materials" show

that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5ᵗʰ Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5ᵗʰ Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5ᵗʰ Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5ᵗʰ Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5ᵗʰ Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5ᵗʰ Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5ᵗʰ Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5ᵗʰ Cir. 1998). In the absence of

proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## The Plaintiff's Allegations

Mr. Roop claims that on December 11 or December 18, 2015, he had very bad chest pains – and that defendant Greg Wilemon would not call the emergency medical services to examine him. Mr. Roop alleges that, instead, another jailer called emergency services, and the jail officer who drove him traveled no more than 20 mph on the way to the emergency room. Mr. Roop alleges further that on December 12, 2015, Jailor Greg Wilemon choked him for three or four minutes, then pushed him down in his cell – aggravating chest pains that he had felt the day before. Mr. Roop alleges that on December 29, 2015, Greg Wilemon would not dispense Roop's diabetic medication to him or check his blood sugar levels. He also claims that no one gave him his prescribed snacks. Finally, Mr. Roop alleges that Greg Wilemon would not permit him to have prescribed medications for the first 14 of his stay at the Itawamba County Jail. Mr. Roop states that he did, however, see a doctor after the first 14 days and received his previously-prescribed medications, other than Plavix.

## Exhaustion of Administrative Remedies

Congress enacted the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e *et seq.* – including its requirement that inmates exhaust their administrative remedies prior to filing suit – in an effort to address the large number of prisoner complaints filed in federal courts. *See Jones v. Bock*, 549 U.S. 199, 202 (2007). Congress meant for the exhaustion requirement to be an effective tool to help weed out the frivolous claims from the colorable ones:

> Prisoner litigation continues to 'account for an outsized share of filings' in federal district courts. *Woodford v. Ngo*, 548 U.S. 81, 94, n. 4, 126 S.Ct. 2378 (2006) (slip op., at 12, n.4). In 2005, nearly 10 percent of all civil cases filed in federal courts nationwide were prisoner complaints challenging prison conditions or claiming civil rights violations. Most of these cases have no merit; many are frivolous. Our legal system, however, remains committed to guaranteeing that prisoner claims of illegal

conduct by their custodians are fairly handled according to law. The challenge lies in ensuring that the flood of non-meritorious claims does not submerge and effectively preclude consideration of the allegations with merit. *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Congress addressed that challenge in the PLRA. What this country needs, Congress decided, is fewer and better prisoner suits. *See Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (PLRA intended to "reduce the quantity and improve the quality of prisoner suits"). To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. Key among these was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit.

*Jones v. Bock*, 549 U.S. 199, 203 (2007).

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. §1983. The exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S.81, 89 (2006). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); see also *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008)( the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement)(*citing Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty.Med.Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan.11,2008)( under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). Indeed, "a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process." *Booth v. Churner*, 532 U.S. 731, 739 (2001).

The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir.2012). "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). As "exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. The Supreme Court has also recognized the need for a prisoner to face a significant consequence for deviating from the prison grievance procedural rules:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievance complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford* at 95.

The Itawamaba County Jail has a grievance process – which Mr. Roop used on three occasions: February 27, 2016, June 13, 2016, and July 8, 2016. *See* ECF Doc. 38-3 at 38, 64, 70. Based upon the administrative records provided by the defendants, Mr. Roop filed only those three grievances during his stay at the jail. All of the grievances address the same subject: the return of various commissary items allegedly taken from him on February 15, 2016. None of them involve any of Mr. Roop's claims in the instant case. Thus, Mr. Roop has not exhausted his administrative remedies as to any of the claims in this case, which will be dismissed without prejudice for that reason.

**Conclusion**

For the reasons set forth above, the instant case will be dismissed without prejudice for failure to exhaust administrative remedies.

**SO ORDERED**, this, the 12th day of April, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE
